IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RALPH FRANCIS DELEO,** | : | CIVIL ACTION NO. 1:15-CV-2321 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **S. SPAULDING, WARDEN,** | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, this 18th day of December, 2015, upon consideration of the motion (Doc. 7) for reconsideration filed *pro se* by plaintiff Ralph Francis DeLeo ("DeLeo"), seeking reconsideration of the court's order (Doc. 5) dated December 9, 2015, denying DeLeo's motion (Doc. 1) for emergency injunctive relief, wherein the court concluded that DeLeo's prison medical records contradict the urgency he assigned to his medical condition, specifically, an aortic aneurysm, and instead reflect that the medical staff at the Federal Correctional Complex at Allenwood, Pennsylvania, are both aware of and regularly monitoring his medical condition, and the court emphasizing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); see also Alea N. Am. Ins. Co. v. Salem Masonry Co., 301 F. App'x 119, 121 (3d Cir. 2008), but that such relief is to

be granted "sparingly," Montanez v. York City, No. 1:12-CV-1530, 2014 WL 3534567, at *7 (M.D. Pa. July 16, 2014) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2007)), nor is such a motion "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2011); see also Harsco Corp., 779 F.2d at 909, and it appearing that DeLeo bases his instant motion on arguments identical to or expanding on those raised in his initial request for emergency injunctive relief, and specifically highlights his "history of hypertensive urgency" as a concern for the court to consider, but the court noting that it reviewed the entirety of DeLeo's submitted prison medical records and did consider his serious but monitored hypertensive condition in ruling on DeLeo's initial motion, and the court thus concluding that DeLeo has neither identified nor substantiated a clear error of law or fact or a manifest injustice in the court's prior decision, it is hereby ORDERED that DeLeo's motion (Doc. 7) for reconsideration is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania